IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOPEE KHEN,

          Petitioner,                 No. CIV S-04-2150 MCE KJM P

     vs.

WARDEN, HIGH DESERT
STATE PRISON,

          Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

habeas corpus under 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss the petition as

untimely and has lodged eight documents in support of the motion.

I. Background

        On January 27, 2000, petitioner was sentenced to an indeterminate term of life

plus a determinate term of twelve years.  Lodged Document (Doc.) 1 (abstract of judgment).  He

appealed his conviction and pursued the direct appeal to the California Supreme Court, which

denied review on October 31, 2001.  Doc. 2 (Court of Appeal decision); Doc. 4 (Supreme Court

order denying review).

        Petitioner filed a habeas petition with the state supreme court; it is stamped

"received" on May 14, 2003 and "filed on May 28, 2003."  Doc. 5.  The petition was denied on

1   April 21, 2004.  Doc. 6.

2          Before petitioner filed his petition in the state supreme court, he filed a request for

3   additional time in which to file a petition for a writ of habeas corpus in this court, <u>Khen v.</u>

4   <u>Runnels</u>, Civ. No. S-03-0060 MCE KJM P.  The magistrate judge to whom the case was then

5   assigned denied the request and the case ultimately was dismissed.  Doc. 7 (docket).

6          The instant petition was filed September 28, 2004.

7   II.  <u>Analysis</u>

8          A.  <u>The Statute Of Limitations</u>

9          One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA)

10  made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

11          (d)(1) A 1-year period of limitation shall apply to an application for
            a writ of habeas corpus by a person in custody pursuant to the
12          judgment of a State court. The limitation period shall run from the
            latest of–

13
            (A) the date on which the judgment became final by the conclusion
14          of direct review or the expiration of the time for seeking such
            review;

15
            (B) the date on which the impediment to filing an application
16          created by State action in violation of the Constitution or laws of
            the United States is removed, if the applicant was prevented from
17          filing by such State action;

18          (C) the date on which the constitutional right asserted was initially
            recognized by the Supreme Court, if the right has been newly
19          recognized by the Supreme Court and made retroactively
            applicable to cases on collateral review; or

20
            (D) the date on which the factual predicate of the claim or claims
21          presented could have been discovered through the exercise of due
            diligence.

22
            (2) The time during which a properly filed application for State
23          post- conviction or other collateral review with respect to the
            pertinent judgment or claim is pending shall not be counted toward
24          any period of limitation under this subsection.

25

26  28 U.S.C. § 2244.

1    A conviction is final for purposes of the AEDPA statute of limitations at the

2   expiration of the ninety day period for seeking certiorari, which in this case was January 30,

3   2002. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). The limitations period began to run

4   on January 31, 2002 and expired February 1, 2003. Fed. R. Civ. P. 6(a) (excluding the day from

5   which the period begins to run from the calculation of the time).

6    The statute of limitations is tolled during the pendency of any "properly filed"

7   state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

8   It is not tolled, however, by the filing of a federal petition, Duncan v. Walker, 533 U.S. 167, 181-

9   82 (2001), nor is it revived by a petition filed after the AEDPA statute of limitations has run.

10  Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003). Accordingly, petitioner's state and

11  federal filings did not serve to toll or revive the statute of limitations, which ran before the state

12  collateral attack was filed. The instant action, filed 606 days after the statute of limitations

13  expired, is untimely unless petitioner is entitled to equitable tolling.

14       B.  Equitable Tolling

15       The Ninth Circuit has held:

16       We will permit equitable tolling of AEDPA's limitations period
         only if extraordinary circumstances beyond a prisoner's control
17       make it impossible to file a petition on time. When external forces,
         rather than a petitioner's lack of diligence, account for the failure to
18       file a timely claim, equitable tolling of the statute of limitations
         may be appropriate.

19

20  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted). It

21  is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of

22  the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

23       Petitioner contends he is entitled to equitable tolling because UPS lost his

24  transcripts and he has not been able to secure another complete set. Opposition (Opp'n) at 2. In

25  the motion for additional time in which to file his federal habeas petition, which he attaches as an

26  exhibit, petitioner explained that on July 26, 2002, he sent his briefs and transcripts to the mail

3

1  room at High Desert State Prison to be sent to his sister so she could attempt to find a lawyer to

2  represent petitioner on his collateral attack.  Opp'n, Ex. F (Motion For Extension, Civ. No. S-03-

3  0060 MCE KJM P).  He also attaches the notification from UPS that the box, retrieved on

4  August 8, 2002 from High Desert State Prison, has been lost.  Opp'n, Ex. A.  Petitioner contacted

5  UPS again on January 23, 2003 to inquire about the status of his claim for reimbursement for the

6  lost transcripts.  Opp'n, Ex. C.  He received $100 from UPS on February 4, 2003.  Once

7  deposited into his trust account, he avers, a portion was taken for restitution; he implies that he

8  therefore was unable to purchase another set of transcripts.  Opp'n at 3 & Ex. D.  Petitioner also

9  has attached copies of orders from San Joaquin County Superior Court, dated April 8 and July 1,

10  2005, first granting and then denying petitioner's motions for the production of transcripts.

11  Opp'n, Ex. H.

12        Citing cases from other circuits, respondent argues that the loss of the transcripts

13  is not a basis for equitable tolling.  Reply at 3 (citing Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir.

14  2001) (lack of access to transcripts is not basis for equitable tolling) and Gassler v. Bruton, 255

15  F.3d 492, 495 (8th Cir. 2001) (possession of a transcript is not a condition precedent to filing a

16  habeas petition)).  See also Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (state's failure

17  to provide complete transcript not a basis for equitable tolling because it did not prevent filing).

18  He also argues that petitioner did not need the transcripts, as he was able to file intelligible

19  petitions in the California Supreme Court and in this court.

20        In United States v. Battles, 362 F.3d 1195 (9th Cir. 2004), the Ninth Circuit

21  considered the relationship between access to transcripts and timely filing under the AEDPA.

22  Battles alleged he had not timely filed his motion to vacate his sentence under 28 U.S.C. § 2255

23  because his appellate attorney did not send him his transcripts.  The Ninth Circuit noted that

24  when an attorney refuses to provide a petitioner's file, the petitioner may be entitled to equitable

25  /////

26  /////

1  tolling; it found the reasoning equally applicable when the transcripts have been withheld.  Id. at

2  1197-98.  The court observed:

3          The fact that Battles did ultimately file his petition without the
           transcript does not necessarily tell us whether the alleged attorney
4          behavior and Battles' fight to get the transcripts actually delayed
           him to the point that he could not file in a timely fashion.
5

6  Id. at 1198 n.5.

7          More recently, in Espinoza-Matthews, 432 F.3d at 1024, the Ninth Circuit

8  considered whether a petitioner was entitled to equitable tolling for the entire time he was in

9  administrative segregation and deprived of his legal property.  In that case, the petitioner asked

10 for access to his legal property, which was being stored while he was in segregation, but was told

11 he could not have access until he was released.  The court found petitioner entitled to tolling for

12 the entire period he was deprived of his legal materials, even though he still had a month after the

13 papers were returned to him before the statute of limitations expired.  Id. at 1028.

14          In this case, petitioner was deprived of his legal materials, transcripts and briefs

15 beginning on July 26, 2002, when he sent them to the mailroom to be shipped to his sister.

16 Respondent does not dispute that the legal materials thereafter were lost or that petitioner

17 attempted to secure some redress from UPS.  Moreover, respondent does not appear to dispute

18 that petitioner did not receive compensation until February 1, 2003 or that a portion of that

19 money would have been taken from petitioner's trust account for restitution.   A little over three

20 months after receiving final resolution of his attempts to have UPS replace his lost transcripts

21 petitioner filed his state petition, not an unreasonable time for a petitioner proceeding pro se to

22 determine how best to proceed in light of the loss of his legal materials and then take the

23 necessary steps forward.

24          The court finds that the statute of limitations therefore was tolled beginning on

25 July 26, 2002, when petitioner effectively lost control over his legal materials.  The AEDPA

26 "clock" thus was stopped after 177 days had run.  The court also finds the tolling continued until

1  petitioner filed his petition in the California Supreme Court, which received it on May 28, 2003.

2  Thereafter, the pendency of the state court petition tolled the time until April 21, 2004, when the

3  Supreme Court's denial of his petition issued and became final.  Cal. Rules of Court, Rule 29.4.

4  Accordingly, the statute of limitations began to run again on April 22, 2004.  The instant petition,

5  filed on September 28, 2004, day 337 of the limitations period, is timely.

6              Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

7  dismiss be denied.

8              These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within ten days after service of the objections.  The parties are advised

14  that failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED:  February 27, 2006.

17

18

19                                           UNITED STATES MAGISTRATE JUDGE

20

21

22

23  2
    khen2150.157

24

25

26